UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRIAN TODD DUMPHORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-461-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JACK GABRIEL, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Brian Dumphord has filed a motion to alter, amend, or vacate this Court's judgment entered on August 12, 2021. His motion is based upon either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.[1] [Record No. 80] The motion will be denied because Dumphord cannot meet the standard to alter, amend, or vacate the judgment under either rule.

**I.**

Dumphord filed this action on November 15, 2020, naming nine defendants. His claims arise from a 2019 arrest and subsequent trip to the Bourbon Community Hospital. [Record No. 1, pp. 6–19] Most of the defendants were served without issue. However, Dr. Sandra Geile was the exception. After four different summonses were issued and an extension of the

---

[1]   Dumphord also cites Rule 52 and requests that the Court "amend its findings or make additional findings pursuant to Fed.R.Civ.P. 52(a)(5), (6), (b), and (c)." [Record No. 80, p. 4] However, because this action was not "tried on the facts without a jury or with an advisory jury," Rule 52 does not apply. *See* Fed. R. Civ. P. 52(a)(1); *see also Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 161 (D.N.J. 1988) (a motion to amend findings under Rule 52(b) does not lie following an order on a motion for summary judgment). The undersigned will evaluate Dumphord's motion under rule 59 and rule 60 standards.

-1-

deadline to serve Geile was given, Dumphord still had not completed service over her. [Record No. 79, pp. 3–4]  On March 12, 2021, counsel requested a fifth summons listing Dr. Geile's address in Lexington. [Record No. 56]  The summons was issued on March 17, 2021, and a certified mail return receipt was filed in the record on March 26, 2021. [Record Nos. 60; 62]  The receipt states "Covid-19" on the signature line. [Record No. 62]  The "Received by" line includes two illegible marks (likely initials) and the "Date of Delivery" line is blank. [*Id.*]

Dr. Geile moved to dismiss the claims against her, arguing that service was defective. [Record No. 65]  She included an affidavit stating that the summons and complaint were not personally delivered. [Record No. 65-6]  Dumphord offered no argument in response that a certified mail return receipt stating only "Covid-19" constitutes proper service.  Thereafter, the undersigned granted Dr. Geile's motion. [Record No. 79, p. 7]

Bourbon Community Hospital's motion to dismiss also was resolved by the Court's previous order. [*Id.*, pp. 10–15]  Bourbon Community argued that Dumphord's negligent failure to treat claim should be dismissed for failure to comply with Kentucky's certificate of merit requirement.[2]  [Record No. 66, pp. 8–11]  The undersigned dismissed the failure to treat claim because Dumphord neither satisfied the statutory requirement nor offered any convincing argument against its application. [Record No. 79, pp. 11–14]  Regarding this issue, the Court declined to adopt Dumphord's interpretation of the relevant state statute, as well as

---

[2] Under Kentucky law, a plaintiff who brings negligence or malpractice claims against a hospital pursuant to Ky. Rev. Stat. (KRS) § 413.140(1)(e) must "file a certificate of merit with the complaint in the court in which the action is commenced." KRS § 411.167(1). The statute also provides that, "in lieu of serving a certificate of merit," the plaintiff "may provide the defendant or defendants with expert information in the form required by the Kentucky Rules of Civil Procedure." KRS § 411.167(7).

his invitation to certify construction of the statute to the Supreme Court of Kentucky. [*Id.*, pp. 12–13]

Bourbon Community's also contended that Dumphord failed to state a claim for relief under EMTALA because he did not allege disparate treatment or improper motive. [Record No. 66, pp. 11–16] In response, Dumphord cited state cases holding that improper motive is not an element of an EMTALA screening claim. [Record No. 69, p. 19] However, the undersigned granted Bourbon Community's motion and dismissed the plaintiff's EMTALA claim because Sixth Circuit precedent requires a plaintiff to demonstrate improper motive. [Record No. 79, pp. 14–15]

## II.

### A. Rule 59(e) Standard

A court may alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a need to prevent manifest injustice. *See Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). For a moving party to prevail, any newly discovered evidence "must have been previously unavailable." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Additionally, a party may *not* utilize Rule 59(e) to "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## B. Rule 60(b) Standards

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Dumphord seeks relief under sections (1), (2), (3), and (6) of this rule. [Record No. 80, p. 4] Whether to grant such a motion is committed to the discretion of the district court. *See Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Rule 60(b)(1) is intended to provide relief in two situations: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). It does ***not*** allow a litigant to evade the consequences of their legal positions even though they may prove unsuccessful or erroneous. *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002).

Under Rule 60(b)(2), the movant must show by clear and convincing evidence "(1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir.

2018). Similarly, under Rule 60(b)(3), a movant must demonstrate by clear and convincing evidence that the judgment "was obtained by fraud or misconduct." *Daniel v. DTE Energy Co.*, 592 F. App'x 489, 490-91 (6th Cir. 2015).

Rule 60(b)(6) is a catch-all provision. It applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal*, 249 F.3d at 524. To grant relief under this rule, the Sixth Circuit requires that the movant show "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).

### III.

#### A. Failure to Treat Claim

Dumphord asks the Court to reverse its ruling regarding his "Failure to Treat" claim. [Record No. 80, pp. 4–10] Citing Rule 59(e), he argues this is necessary to "correct an error of law and prevent a manifest injustice." [*Id.*, p. 7] In support, Dumphord presents an entirely new argument regarding Kentucky's certificate of merit requirement. [*Id.*, p. 7–10]

Dumphord argues that this requirement does not apply here due to federal pleading standards. [*Id.*] But the plaintiff has waived this exact argument. [Record No. 79, p. 14 n.7 ("Dumphord did not . . . suggest that Kentucky's [certificate of merit] requirement is inapplicable under the Federal Rules of Civil Procedure. But even setting this waiver aside, Rule 59(e) motions may not be used to "raise arguments which could, and should, have been made before judgment issued." *Engler*, 146 F.3d at 374; *see also FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) ("Rule 59(e) motions are aimed at reconsideration, not initial consideration."). Dumphord had numerous opportunities to raise this argument before the

Court ruled on the motions to dismiss. However, he failed to do so. Thus, he may not present this argument now. *Engler*, 146 F.3d at 374.

Dumphord also asserts under Rule 60(b)(1) that he "mistakenly and inadvertently" failed to make this argument earlier. [Record No. 80, p. 7] But he does not offer any support for this position. He neither provides any evidence to explain the mistake nor cites any authority addressing Rule 60(b)(1) standards. The plaintiff's showing is not sufficient to warrant relief under Rule 60(b)(1). *See Reyes*, 307 F.3d at 455. The record suggests that Dumphord was simply unaware of this potential argument before seeing footnote 7 of the Court's previous order. But an attorney missing a legal argument is not the type of "mistake" that justifies relief under Rule 60(b)(1). *McCurry*, 529 F.3d at 595; *see also McCandless v. Countrywide Home Loans, Inc.*, No. 08-14195, 2006 U.S. Dist. LEXIS 69070 (E.D. Mich. Aug. 7, 2009) ("[A] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason . . . justifying relief is one attributable solely to counsel's carelessness or misapprehension of the law."). In short, Dumphord has failed to establish a right to relief under either Rule 59(e) or Rule 60(b)(1).

**B.     Certification Request and Statutory Interpretation**

Dumphord also asks the Court to "alter, amend or reconsider" its decision declining to certify the interpretation of KRS § 411.167(7) to the Supreme Court of Kentucky. [Record No. 80, p. 11] In addition, he advances the same arguments presented in prior briefs regarding his preferred interpretation of the statute. [*Id.*, pp. 11–15] However, Dumphord does not offer any authority to suggest that the Court's decision not to certify—or its own independent interpretation of the statute—constitute a clear error of law. Likewise, he has not demonstrated that any of the other Rule 59(e) grounds are present. *See Brumley*, 909 F.3d at 841.

### C. Failure to Timely Serve Dr. Geile

Next, Dumphord asks the Court to amend its dismissal of the claims against Dr. Geile. [Record No. 80, p. 15] He appears to argue this point under both Rules 59(e) and 60(b)(3). [*Id.*, pp. 18–19] In support of his Rule 59(e) position, Dumphord cites an e-mail from Francis C. Allen, Jr.—purportedly the Postmaster of the Lansdowne branch of the United States Post Office in Lexington. [*Id.*, pp. 17–18] In that e-mail, Allen states that the service packet was delivered to Dr. Geile's address in Lexington and goes on to explain the Postal Service policy regarding limited-contact deliveries during the COVID-19 pandemic. [Record No. 80-1, p. 1] Dumphord contends that this e-mail is new evidence warranting relief. [Record No. 80, p. 18]

But contrary to Dumphord's assertion, this evidence was *not* "[un]available at the time Dumphord's response to Dr. Geile's motion to dismissed [sic] was filed." [Record No. 80, p. 18] Indeed, he could have contacted Allen at any time after the packet was delivered. If Dumphord had done so in a timely manner, he could have presented this evidence as part of his response to Dr. Geile's motion to dismiss. Dumphord's Rule 59(e) motion fails because this evidence was *not* "previously unavailable,".[3] *City of Ann Arbor*, 675 F.3d at 615.

---

[3] Although Dumphord does not appear to argue this evidence under Rule 60(b)(2), the same reasoning would apply. *See Luna*, 887 F.3d at 294. Dumphord waited until after the Court had dismissed his claim to contact Allen, meaning he did *not* "exercise[] due diligence to obtain the evidence." *Id.* Further, the e-mail's contents are not so strong that it would have "*clearly* resulted in a different outcome" if presented initially. *Id.*

Dumphord also summarily claims that grant of his Rule 59(e) motion is warranted "to prevent a manifest injustice." But he does little to develop or support this claim. [*See* Record No. 80, p. 19.] Accordingly, the undersigned does not address it further. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

However, even if this e-mail was "previously unavailable," it would not raise a right to relief under Rule 59(e).  Rule 4(l) of the Federal Rules of Civil Procedure requires litigants to provide proof of service in most situations "by the server's affidavit."  Fed. R. Civ. P. 4(l)(1).  Here, Allen is not the server, and his e-mail does not qualify as an affidavit. *See* 3 Am. Jur. 2D *Affidavits* § 1 ("An 'affidavit' is a voluntary written statement of fact *under oath* sworn to or affirmed by the person making it before some person who has authority under the law to administer oaths.") (emphasis added). Additionally, Allen states that the carrier "cannot remember this specific item being delivered" and thus he can only "*assume*" that the proper procedure was followed.  [Record No. 80-1, p. 1 (emphasis added)]  Allen's e-mail would have been insufficient proof of service had it been presented initially, and it falls even further short in this post-judgment context.  *See* Fed. R. Civ. P. 4(l)(1).

Regarding Rule 60(b)(3), Dumphord seems to argue that Dr. Geile's affidavit misrepresents that she was not properly served.  [Record No. 80, p. 18]  However, this argument is contrary to his earlier contention that Dr. Geile "acknowledged service through her [a]ffidavit."  [*Id.*]  Setting this internal dissonance aside, Dumphord does not present clear and convincing evidence that Dr. Geile obtained the dismissal by fraud or misconduct.  *See Daniel*, 592 F. App'x at 490-91.  In fact, Allen's e-mail is entirely consistent with Dr. Geile's representation that a copy of the complaint was left on her doorstep and found by a family member who does not reside with her.  [Record No. 65-6, ¶ 4]

      **D.**    **EMTALA Claim**

Finally, Dumphord asks the Court to "alter or amend its findings" regarding dismissal of his EMTALA claim.[4] [Record No. 80, p. 20] But he does not contend that any of the grounds for relief under Rule 59(e) are present. *See Brumley*, 909 F.3d at 841 (discussing the four grounds to grant a Rule 59(e) motion). Instead, Dumphord simply reiterates the same arguments presented in his response to Bourbon Community's motion to dismiss. [*See* Record Nos. 69, pp. 19–20; 80, pp. 20–23]

Dumphord again cites two cases from the Supreme Court of Kentucky to press his preferred interpretation of EMTALA. [Record No. 80, pp. 20–22] These cases are distinguishable from the present matter and run counter to binding federal precedents. *Compare Romine v. St. Joseph Health Sys.*, 541 F. App'x 614, 620 (6th Cir. 2013) (noting that the Sixth Circuit requires a plaintiff to adduce evidence of disparate treatment based on improper motive to succeed on an EMTALA screening claim), *with Martin v. Ohio Cnty. Hosp. Corp.*, 295 S.W.3d 104, 113 (Ky. 2009) ("This Court does not believe that improper motive is an element of the individual EMTALA claim."). Moreover, these state court decisions are not binding upon this Court in interpreting federal law. *United States v. Miami Univ.*, 294 F.3d 797, 811 (6th Cir. 2002) (internal citations omitted) ("While federal courts

---

[4] In a section captioned "DISREGARDING THE DISTRICT COURTS INSTRUCTION[,]" Dumphord requests that the Court "alter or amend its order, reconsider its Order and amend is [sic] findings of fact." [Record No. 80, pp. 19–20] Although not entirely clear, he seems to be referring to the portion of the Court's previous order discussing his First Amended Complaint. [*See* Record No. 79, pp. 8–9.]

However, Dumphord has admitted that he did not follow the Court's instruction regarding amendment of the complaint. Rather than amend his complaint "*as reflected*" in the document previously filed, he took the liberty to add "additional claims against Dr. Geile" and "minor new language to restate the same allegations." [Record No. 78, p. 2] Because Dumphord has not demonstrated any grounds to alter or amend the previous order, his request will be denied.

must defer to a [s]tate court's interpretation of its own law, federal courts owe no deference to a state court's interpretation of a federal statute."). Dumphord has not demonstrated a clear error of law, manifest injustice, or any of the other grounds to grant his Rule 59(e) request. *See Brumley*, 909 F.3d at 841.

### IV.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Brian Todd Dumphord's motion to alter, amend, or vacate the Court's August 12, 2021 judgment [Record No. 80] is **DENIED**.

Dated: October 27, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky